IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TARA MONIQUE FOSTON a/n/f, | § | |
| of S.M.F. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-270 |
| | § | |
| GALVESTON INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This case arises out of an alleged student-on-student sexual assault. Now before the Court is Defendant Galveston Independent School District's ("Defendant") Motion to Dismiss for Failure to State a Claim. For the reasons stated below, the Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART AND DENIED IN PART**.[1]

I. Background

According to Plaintiff, Tara Monique Foston as next friend of S.M.F, a middle school student forced S.M.F. to perform oral sex in the restroom at Weiss Middle School. Plaintiff alleges that Defendant had a duty to protect S.M.F. and has filed claims pursuant to Title IX. *See* 20 U.S.C. § 1681 *et seq*. Plaintiff also alleges state law negligence and negligent supervision claims. Defendant moves for dismissal of Plaintiff's entire Complaint, arguing that it fails to state a claim for which relief

---

[1]The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publicaton.

can be granted.

II. Analysis

*A. Legal Standard*

A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (noting that a court must construe the complaint liberally in favor of the plaintiff). *See also Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). "A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins*, 224 F.3d at 498. A motion to dismiss should be granted only when it appears without a doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). *See also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).

*B. Title IX Claims*

Title IX provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. §1681(a). There is a private remedy for Title IX violations, which extends to allegations of sexual harassment. *See Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290, 118 S. Ct. 1989, 1999, 141 L. Ed. 2d 277 (1998)*; Cannon v. Univ. of Chicago*, 441 U.S. 677, 688, 99 S. Ct. 1946, 1953, 60 L. Ed. 2d 560 (1979). In *Davis v.*

*Monroe County Bd. Of Educ.*, 526 U.S. 629, 633, 119 S. Ct. 1661, 1666, 143 L. Ed. 2d 839 (1999), the Supreme Court held that a school district can be liable for Title IX violations when the offender is another student. Claims of this type are limited to cases where the district is "deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis*, 526 U.S. at 650, 119 S. Ct. at 1675.

Plaintiff's current Complaint fails to state a claim that meets the standard as articulated above. Her Complaint alleges a <u>single</u> event of harassment and does not even allege that Defendant or anyone associated with Defendant knew or should have known about the potential for harassment. Without such or similar allegations, the abuse cannot be considered "severe" or "pervasive," and Defendant's conduct cannot be considered deliberately indifferent.

This conclusion would typically lead to dismissal of Plaintiff's Title IX claim. However, Plaintiff's response to Defendant's Motion alleges facts which, had they been included in Plaintiff's Complaint, would have stated a claim which would survive a 12(b)(6) dismissal. Specifically, Plaintiff argues that "the offender had made previous sexual advances prior to the assault." Additionally, Plaintiff argues that she needs additional time for discovery to determine what Defendant knew and when. Since this Court typically frowns on early dismissal and Plaintiff's Response injects new facts, Plaintiff will be given the opportunity to replead in light of this Order and Defendant's concerns. Accordingly, Defendant's Motion to Dismiss Plaintiff's Title IX claim is **DENIED**, and Plaintiff is **ORDERED** to replead within 30 days from the date of this Order. If Defendant still feels that Plaintiff fails to state a claim, it should file another motion, which the Court will rule on in due course.

C. *Negligence and Negligent Supervision Claims*

Plaintiff has also asserted causes of action for negligence and negligent supervision. Defendant argues that these claims are barred by sovereign immunity and are not subject to the limited waiver of that immunity provided in the Texas Torts Claim Act ("TTCA"). Plaintiff offers no argument to the contrary.

A school district cannot be held liable for a common law cause of action unless the legislature has expressly waived that immunity. *See University of Texas Medical Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994). This immunity has been waived as to claims brought pursuant to the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.001 *et seq.* A school district can only be held liable for personal injury, death, and property damage when (1) the injuries or damages are caused by the negligence of a school district employee while acting within the scope of his employment, and (2) the injury or damage arises from the operation of a motor vehicle. *See id.* at §101.021, 101.051. Because Plaintiff's claims do not arise from the operation of a motor vehicle, she cannot assert a claim for negligence or negligent supervision, and has therefore failed to state a claim for which relief can be granted. Accordingly, Plaintiff's negligence and negligent supervision claims are **DISMISSED WITH PREJUDICE**.

IV.  Conclusions

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's claims for negligence and negligent supervision are **DISMISSED WITH PREJUDICE**. All other claims remain. Plaintiffs are further **ORDERED** to replead within 30 days. Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 1st day of August, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge